# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY J. BURCHETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-478-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Tommy J. Burchett requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on August 24, 1974, and was thirty-five years old at the time of the most recent administrative hearing (Tr. 277). He completed high school, and has worked as a stocker and injection mold operator (Tr. 267). The claimant alleges that he has been unable to work since April 15, 2005, due to problems with his back, neck, and legs, as well as headaches, low blood sugar, and chest pains (Tr. 107).

### Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on April 19, 2006. The claimant's applications were denied. ALJ Charles Headrick conducted an administrative hearing and found that the claimant was not disabled in a written decision dated October 18, 2007 (Tr. 16-23). The Appeals Council denied review, but this Court reversed the decision of the Commissioner in Case No. CIV-08-233-SPS and remanded the case to the ALJ for further proceedings (Tr. 326-334). The ALJ conducted a second administrative hearing and again determined that the claimant was not disabled in a written opinion dated April 28, 2010 (Tr. 261-269). The Appeals Council again denied review, so the

ALJ's decision dated April 28, 2010 represents the Commissioner's final decision for purposes of this appeal.  *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation.  He found that the claimant had the residual functional capacity ("RFC") to perform the full range of light work, *i. e.*, he could lift ten pounds frequently and twenty pounds occasionally, and sit/stand/walk for six hours in an eight-hour workday (Tr. 265).  The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there were other jobs that he could perform, *i. e.*, sorting, cashier, hand packaging, cafeteria attendant, office helper, food order clerk, assembly (Tr. 268-269).

**Review**

The claimant contends that the ALJ erred: (i) by failing to adequately develop the administrative record and thereby depriving the claimant of his constitutionally protected right to due process; (ii) by improperly assessing his credibility, and (iii) by failing to properly assess his RFC and finding that there was work he could perform.  The Court finds that the ALJ did err in determining the claimant's RFC, and the decision of the Commissioner must therefore be reversed.

The ALJ found that that the claimant had the severe impairments of left shoulder pain, neck pain, and lumbar spine pain (Tr. 263).  On November 1, 2004, the claimant injured his left shoulder while unloading a truck; he thereafter reported sharp pain in the shoulder and numbness in the left hand (Tr. 173, 182), but a nerve conduction report was normal (Tr. 191).  On June 16, 2006, a consultative physician examined the claimant and

noted that he had tenderness of the left rhomboid area, flattened arches and tenderness on both feet, and assessed him with chronic neck and back pain with rhomboid mild spasm, chronic bilateral posterior knee pain, chronic tension headaches, and a history of Sever's Disease and hypoglycemia (Tr. 215). A reviewing state agency physician found that the claimant could perform a full range of light work (Tr. 222-228). On November 9, 2006, the claimant was diagnosed with an acute cervical strain, which he described to the emergency room personnel as a burning pain that was worsening and felt like his neck was stiffening (Tr. 235-236). On November 17, 2006, the claimant was diagnosed with acute lumbosacral strain (Tr. 437-441). Notes from the Good Shepherd Health Clinic in April 2007 reflect that the claimant's low back pain with radiculopathy was worsening (Tr. 239, 242). On August 13, 2007, a doctor at Morton Comprehensive Health Services examined the claimant and noted mild tenderness to palpation along the cervical spine and right SI joint, but intact range of motion and negative straight leg raising bilaterally (Tr. 449). The doctor diagnosed the claimant with chronic low back pain, chronic neck pain, and tobacco abuse, and indicated he would consider an MRI of the low back after reviewing x-ray results (Tr. 450).

At the administrative hearing, the claimant testified that he was injured when a box fell off of a pallet onto his left shoulder, and that he had constant pain (Tr. 31-32). He also testified that his back pain would start in his lower back and shoot down into his right leg and foot (Tr. 33). The claimant further testified that medicinal side effects interfered with his ability to work by making him dizzy, drowsy, and nauseated to the point of throwing up (Tr. 35-36, 43). He claimed he could sit approximately twenty

minutes before having to get up to move around, and stand or walk for around fifteen minutes before needing to rest. The claimant thought he could sit around three hours in an eight-hour workday, stand up to four hours, and walk up to two hours (Tr. 39-40). He testified that he could pick up only "10 pounds without my back killing me," and could not operate a push/pull lever with his left arm (Tr. 41).

In his written opinion, the ALJ determined that the claimant's shoulder, neck and spine pain were severe impairments at step two, but neglected to include any limitations corresponding to these impairments in the claimant's RFC at step four or explain why no such limitations were needed (Tr. 263-267). Indeed, most of the analysis at step four was devoted to discrediting the claimant's complaints of back pain and essentially calling into question the findings of severity at step two. What the ALJ should have done instead was provide an explanation as to how impairments found to be severe at step two became so insignificant as to require no corresponding limitations in the RFC at step four. *See, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five."); *see also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.").

Because the ALJ failed to explain how the claimant's severe impairments of left shoulder pain, neck pain, and lumbar spine pain at step two became so insignificant as to require no limitations in his RFC at step four, the decision of the Commissioner must be

-6-

reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 31st day of March, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma